UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALEXSEI DURACK,

Plaintiff,

v.

SELECT PORTFOLIO SERVICING, INC., a foreign corporation; NATIONAL DEFAULT SERVICING CORPORATION, a foreign corporation; FREDDIE MAC SEASONED CREDIT RISK TRANSFER TRUST, SERIES 2018-4; FEDERAL HOME LOAN MORTGAGE CORPORATION AS TRUSTEE FOR THE BENEFIT OF THE FREDDIE MAC SEASONED CREDIT RISK TRANSFER TRUST SERIES 2018-4; UBS GROUP AG, a foreign entity; DOES I through X; and ROE ENTITIES I through X, inclusive,

Defendants.

Case No. 2:26-cv-00925-JCM-NJK

**ORDER**

Plaintiff Alexsei Durack currently moves this court to vacate its dismissal of this case. (ECF No. 14). The case dismissal prompted defendants to file a motion for attorneys' fees. (ECF No. 11).

**I. Plaintiff's Request to Vacate Dismissal**

Defendants filed a motion to dismiss, (ECF No. 3), and plaintiff failed to respond. Consequently, the case was dismissed without prejudice under Local Rule 7-2(d). (*See* Nev. Loc. R. 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion … constitutes a consent to the granting of the motion.")). Plaintiff now seeks relief under Federal Rule of Civil Procedure Rule 60(b) and asks this court to vacate its dismissal. (ECF No. 14).

Under Rule 60(b)(1), a district court may relieve a party from final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). "Rule 60(b) is 'remedial in nature and … must be liberally applied.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Courts consider the *Pioneer* factors when determining whether late filings were due to excusable neglect: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, all *Pioneer* factors weigh in favor of vacating the dismissal. First, defendants suffer no prejudice beyond the loss of a quick victory. *See Uche-Uwakwe v. Shinseki*, 349 Fed. Appx. 136 (9th Cir. 2009) (holding that loss of a quick victory is insufficient justification to deny a Rule 60(b)(1) motion). Second, plaintiff's 10-day delay did not impact the proceedings, as no hearing or trial had been scheduled. Third, the delay was due to a calendaring mistake, and the Ninth Circuit has found "[calendaring] mistake[s] to be excusable neglect." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (citing *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004)); (*See* ECF No. 14 at 4). Lastly, plaintiff's excusable neglect was not done in bad faith as demonstrated by prompt remedial measures. (ECF No. 14 at 11).

As all *Pioneer* factors weigh in favor of vacating, this matter is re-opened as plaintiff qualifies for relief under FRCP 60(b).

**II. Defendants' Motion for Attorneys' Fees**

Defendants filed a motion for attorneys' fees and costs in response to the case dismissal. (ECF No. 11). However, because dismissal is now vacated, attorneys' fees are not warranted.

**III. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that case dismissal (ECF No. 6) be VACATED.

IT IS FURTHER ORDERED that plaintiff's request to vacate the case dismissal (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that defendants' motion for attorneys' fees (ECF No. 11) is DENIED.

Dated this 22nd day of October, 2026.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE