UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALEXSEI DURACK,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., a foreign corporation; NATIONAL DEFAULT SERVICING CORPORATION, a foreign corporation; FREDDIE MAC SEASONED CREDIT RISK TRANSFER TRUST, SERIES 2018-4; FEDERAL HOME LOAN MORTGAGE CORPORATION AS TRUSTEE FOR THE BENEFIT OF THE FREDDIE MAC SEASONED CREDIT RISK TRANSFER TRUST SERIES 2018-4; UBS GROUP AG, a foreign entity; DOES I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:26-cv-00925-JCM-NJK<br><br>**ORDER** |

Presently before the court are plaintiff Alexsei Durack's motions to remand proceedings, to stay proceedings, and request for attorneys' fees. (ECF Nos. 7, 8). For the reasons below, the court GRANTS the motion to remand but DENIES the motion to stay and the request for attorneys' fees.

**I. Background**

This dispute arises from mortgage payments made by plaintiff, the homeowner of the property at issue, and the actions of various parties involved in the mortgage lending process. (ECF No. 1, Ex. 2). Plaintiff originally filed this action in the Eighth Judicial District Court in Clark County, Nevada. (ECF No. 1 at 2). After two years of litigation, defendants removed to federal court after plaintiff alleged violations of the Fair Credit Reporting Act. (ECF No. 1).

Plaintiff now files motions to remand the proceedings back to state court and to stay proceedings pending a remand decision. (ECF Nos. 7, 8). Plaintiff further requests that the court award her attorneys' fees and costs incurred resulting from removal. (ECF No. 7 at 6).

**II. Motion to Remand**

A. Subject Matter Jurisdiction

Federal courts are courts of "limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Plaintiffs are generally entitled to deference in their choice of forum; however, a defendant may remove a case originally filed in state court to federal court if "the district courts of the United States" would have original jurisdiction over it. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949-50 (9th Cir. 2017); 28 U.S.C. § 1441(a). Federal courts have original jurisdiction of all civil actions "arising under the Constitution [and] laws … of the United States." 28 U.S.C. § 1331.

Here, plaintiff argues that the case should be remanded based on lack of subject matter jurisdiction. (ECF Nos. 7 at 3, 17 at 3). Not only did plaintiff assert a federal cause of action under the Fair Credit Reporting Act, but also the Federal Loan Mortgage statue grants federal question jurisdiction over any action in which Freddie Mac is a party. 12 U.S.C. § 1452(f) (**"all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States**, and the district courts of the United States shall have original jurisdiction of all such actions") (emphasis added). Because there is a federal cause of action and Freddie Mac is a party, this court has jurisdiction over this matter.

B. Removal Authority

Plaintiff also argues that defendants failed to timely remove the action and did so only to avoid unfavorable state court decisions. (ECF No. 7 at 5).

Removal to federal court generally must be filed within 30 days after filing the initial pleading in state court. 28 U.S.C. § 1446(b)(1). If a case is not removable based upon the initial pleading, removal may be filed within 30 days from which it may first be ascertained that the case is removable. *Id.* § 1446(b)(3). Removal to federal court may be challenged by filing a motion to remand. *Id.* § 1447(c).

However, the Federal Home Loan Mortgage statute grants Freddie Mac broad removal authority. *See* 12 U.S.C. § 1452(f). The statute states:

> … **any civil or other action** … in any court other than a district court of the United States, **to which [Freddie Mac] is a party may at any time before trial** … **be removed** by [Freddie Mac] … **to the district court** of the United

> States for the district and division embracing the place where the same is pending … by following any procedure for removal of causes in effect at the time of such removal.

*Id.* (emphasis added).

The statute permits removal to federal court *any time* before trial in any action to which Freddie Mac is a party. *See id.* Furthermore, the Ninth Circuit acknowledged § 1452(f) as an exception to the 30-day removal deadline imposed by the removal procedure statute. *See Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005 (9th Cir. 2015). That said, removal is technically timely.

Nevertheless, removal at this late stage would allow Freddie Mac to take undue advantage of the statute. Freddie Mac has been a party for over two years, yet only asserts its removal power now. The Ninth Circuit has acknowledged 12 U.S.C. § 1452(f) as an exception to the 30-day procedural rule, but it did not acknowledge unchecked removal power, particularly where waiver and/or forum-shopping may be at play. *See id.* at 1005.

Additionally, the Ninth Circuit has negatively viewed attempts to treat federal removal as an appeal of an unfavorable state court decision. *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 447 (9th Cir. 1992) (stating "[d]efendants may not 'experiment' in state court and remove upon receiving an adverse decision"). In the state court proceedings, discovery occurred, witnesses were deposed, and injunctions were granted. (*See generally* ECF No. 1, Exs. 110-115). Just prior to removal, Freddie Mac's motions for reconsideration and summary judgment were denied. (ECF No. 1, Exs. 135, 136). Removing the case only after unfavorable outcomes suggest that Freddie Mac may be taking undue advantage of its removal power.

In a case with similar facts, *Shaffer*, Freddie Mac also attempted removal under 12 U.S.C. § 1452(f). *See Fed. Home Loan Mortg. Corp. v. Shaffer*, 72 F. Supp. 3d 1265, 1271 (N.D. Ala. 2014). The court rejected the removal attempt by finding that: "[w]here a particular use of words leads to an absurdity and/or a total irrationality, courts can say, in effect, 'the legislature could not have meant that.'" *Id.* The *Shaffer* court further states:

> Congress's particular inclusions and exclusions in § 1452(f) have ultimate significance because they reflect … that Congress did not mean to expand the

> availability of a federal forum for Freddie Mac beyond the arguably constitutional confines of Article III or to take Freddie Mac's right to remove to absurd lengths.

*Id.* at 1270.

This court recognizes the broad removal authority granted to Freddie Mac while understanding this right has its limits. The court agrees with plaintiff and finds defendants' right to remove has been waived. Defendants removed the action only after receiving adverse state court rulings, despite having had the ability to do so for more than two years. Accordingly, this case is remanded back to state court.

**III. Motion to Stay**

Because the case has been remanded, a stay would be moot and need not be addressed. *See supra* II.

**IV. Request for Attorneys' Fees**

Lastly, plaintiff asks the court to award her with the attorneys' fees and costs incurred in litigating defendants' removal. (ECF 7 at 6).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[w]hether a removal is improper is not dispositive in determining whether fees should be awarded under § 1447(c)." *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, there are no such unusual circumstances. A plain reading of the statute suggests that Freddie Mac possesses an absolute right to remove an action to federal court. Moreover, the lack of case law addressing removal under these circumstances offers little guidance in reconciling the potentially conflicting statutory provisions. *See Gardner*, 508 F.3d at 562 (conflicts in authority may lead to an objectively reasonable removal, even if improper).

Because Freddie Mac had an objectively reasonable basis for seeking removal, an award of attorneys' fees is not warranted.

**V. Conclusion**

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand to state court (ECF No. 7) is GRANTED. This matter is REMANDED to the Eighth Judicial District Court, Clark County, Nevada, Case No. A-24-885191-C.

IT IS FURTHER ORDERED that plaintiff's motion to stay the case (ECF No. 8) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's request for attorneys' fees (ECF No. 7 at 6) is DENIED.

IT IS FURTHER ORDERED that the clerk of the court is instructed to close this case.

Dated this 5th day of November, 2026.

James C. Mahan

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE